# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADEGH POOZESH, et al., | Case No. 1:19-cv-01466-LJO-SKO |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFFS' REQUEST TO SEAL DOCUMENTS IN ACCORDANCE WITH LOCAL RULE 141** |
| v. | |
| MICHAEL R. POMPEO, et al., | **ORDER STRIKING AND DIRECTING THE CLERK TO SEAL THE REQUEST TO SEAL FILED ON THE DOCKET** |
| Defendants. | |
| _____/ | (Docs. 9, 9-1) |

On October 19, 2019, Plaintiffs John Doe, Jane Doe, Daughter Doe, Mother Doe, and Father Doe filed on the docket and served on Defendants[1] a "Notice of Request to Seal Documents" and a "Request to Seal Documents." (*See* Docs. 9, 9-1.) Plaintiffs submitted to the Court and served on Defendants the exhibits sought to be sealed and a proposed order. Plaintiffs seek to file under seal four exhibits to their motion to proceed under pseudonyms, (Doc. 6), which consist of two declarations and evidence of employment with the United States government. (*See* Doc. 9 at 2.)

---

[1] Defendants first appeared in the case on October 29, 2019, (*see* Doc. 12), but previously received notice of the documents relevant to Plaintiffs' request, as Plaintiffs served Defendants with the documents on October 19, 2019. (*See* Doc. 9 at 3.)

Plaintiffs contend the information in the exhibits is covered by the Privacy Act of 1974, 5 U.S.C. § 552a, and they fear retaliation from the Iranian government if the information in the exhibits pertaining to U.S. government employment is made public. Plaintiffs further contend that redacting the names from the documents would be insufficient, as the information contained in the documents is sufficiently specific to allow the Iranian government to ascertain the individuals' identities even if names are redacted. Plaintiffs request that the documents be sealed "for twenty years."

Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b). "Only if good cause exists may the Court seal the information from public view after balancing 'the needs for discovery against the need for confidentiality.'" *Koloff v. Metro Life Ins. Co.*, No. 113CV02060AWIJLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)). A party may submit an opposition to a request to seal documents within three days of the date of service of the request. E.D. Cal. L.R. 141(c).

As an initial matter, the Court notes that Plaintiffs filed the request to seal itself on the public docket. (*See* Doc. 9-1.) Local Rule 141 states that the request to seal shall be either (1) emailed to chambers or (2) submitted on paper to the Clerk, but "shall not be filed at this time." E.D. Cal. L.R. 141(b). Accordingly, although the request to seal does not contain any information not already disclosed in Plaintiffs' previously filed motion to proceed under pseudonyms, (Doc. 6), pursuant to Local Rule 141, the Court will STRIKE and direct the Clerk to seal that docket entry, (Doc. 9-1).

As to the relief requested, Defendants were served with Plaintiffs' request on October 19, 2019, (*see* Doc. 9 at 3), and have not submitted an opposition, and the time to do so has expired. Plaintiffs' request to seal is therefore deemed unopposed. Plaintiffs have substantially complied with Local Rule 141, and in view of the documents' nature, the Court finds that good cause exists

to allow Plaintiffs to file under seal the four exhibits to its motion to proceed by pseudonyms, (Doc. 6).

Plaintiffs have not shown why the documents need to be sealed for twenty years, however, and the Court instead ORDERS that the documents be sealed until the conclusion of the litigation or until further order of the Court, without prejudice to any party requesting an extension of the seal, for good cause, upon conclusion of the litigation.

Accordingly, IT IS ORDERED:

1. The Court GRANTS IN PART Plaintiffs' unopposed request to seal, (Doc. 9), and ORDERS that the four exhibits identified in Plaintiffs' request, (*see* Doc. 9 at 2), be FILED UNDER SEAL as exhibits to Plaintiffs' motion to proceed under pseudonyms, (Doc. 6).

2. The Court STRIKES the request to seal filed on the docket, (Doc. 9-1). The Clerk is directed to SEAL that docket entry, (Doc. 9-1).

IT IS SO ORDERED.

Dated: **October 29, 2019**　　　　　　　　　　/s/ *Sheila K. Oberto*　　　
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE