UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADEGH POOZESH, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL R. POMPEO, et al.,<br><br>　　　　Defendants. | No. 1:19-cv-01466-LJO-SKO<br><br>**ORDER GRANTING UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYMS**<br><br>**(Doc. 6)** |

## I.　　INTRODUCTION

On October 17, 2019, Plaintiffs John Doe, Jane Doe, Daughter Doe, Mother Doe, and Father Doe ("Doe Plaintiffs") filed a motion to proceed under pseudonyms in this case. (Doc. 6.) The Court allowed Doe Plaintiffs to file under seal four exhibits to the motion, including the declaration of John Doe and Daughter Doe and evidence of their employment with the United States government. (*See* Docs. 9, 14, 21.) Jane Doe, Mother Doe, and Father Doe are relatives of John Doe and Daughter Doe, who are Iranian nationals and employees of the U.S. government, and Doe Plaintiffs fear retaliation from the Iranian government if their identities are made public. (*See* Doc. 6 at 8.)

Defendants appeared in the case on October 30, 2019, (*see* Doc. 12), and the Court directed Defendants to file an opposition or statement of non-opposition, if any, to the motion to proceed under pseudonyms by November 7, 2019. (Doc. 16.) Defendants have not filed an opposition or statement of non-opposition, and the motion is therefore deemed unopposed.

For the reasons that follow, the Court GRANTS Plaintiffs' motion.[1]

## II. DISCUSSION

Because a party's use of a pseudonym may "run[] afoul of the public's common law right of access to judicial proceedings," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, parties may proceed under pseudonyms "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The Ninth Circuit allows parties to proceed anonymously where protection of the party's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII*, 214 F.3d at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

In cases where a party's request to proceed pseudonymously is based on a fear of retaliation, the district court should consider the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.* at 1068; *see also Doe*, 655 F.2d at 922 n.1 (using pseudonyms for prison inmate appellant because he "faced a serious risk of bodily harm" if his role as a government witness were disclosed); *Doe v. Madison School Dist. No. 321*, 147 F.3d 832, 833 n.1 (9th Cir. 1998) (allowing plaintiff to proceed under a pseudonym because she feared retaliation from the community).

The district court has wide discretion to determine whether a party may proceed pseudonymously, and the district court's decision will not be reversed unless the decision relies on an erroneous view of the law, makes an erroneous assessment of the evidence, or strikes an

---

[1] Doe Plaintiffs also request permission to redact their identities in exhibits attached to the motion for preliminary injunction filed October 25, 2019, (Doc. 10). (Doc. 6 at 10.) That request is GRANTED *nunc pro tunc*.

unreasonable balance of the relevant factors. *See Does I thru XXIII*, 214 F.3d at 1069.

The Court finds Doe Plaintiffs have shown a compelling need for anonymity through the motion and their sealed declarations and will allow them to proceed under pseudonyms. Specifically, Doe Plaintiffs have shown that the potential retaliation from the Iranian government is severe, Doe Plaintiffs' fear of retaliation is reasonable, and Doe Plaintiffs are vulnerable to such retaliation if their identities and the U.S. government employment of John Doe and Daughter Doe are made public. *See Does I thru XXIII*, 214 F.3d at 1068; (Doc. 6 at 8–10.)

Further, retaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously. *See Does I thru XXIII*, 214 F.3d at 1063, 1065, 1071 (considering possible retaliation by the Chinese government against Chinese national plaintiffs residing in Saipan and their family members residing in China as supporting the use of pseudonyms); *International Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *2–3 (D. Md. Mar. 1, 2017); *Doe v. U.S. Dep't of State*, No. 1:15-cv-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015). Finally, Doe Plaintiffs' request is unopposed, and Defendants have not shown any reason the motion should not be granted.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs' motion to proceed under pseudonyms, (Doc. 6), is GRANTED.

2. Plaintiffs John Doe, Jane Doe, Mother Doe, Father Doe, and Daughter Doe may proceed in this case under pseudonyms.

IT IS SO ORDERED.

Dated: **November 15, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE