UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYED AMIN SAM MOTAGHEDI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONY BLINKEN,[1] et al.,<br><br>Defendants. | No. 1:19-cv-01466-NONE-SKO<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS MOOT, PERMITTING FILING OF MOTION TO AMEND, SUBSTITUTING PARTIES, AND DIRECTING THE CLERK OF COURT TO TERMINATE THE MOTIONS TO DISMISS AS MOOT AND TO ADMINISTRATIVELY TERMINATE THE MOTIONS TO STRIKE AND COMPEL<br><br>(Doc. Nos. 57, 67 and 77) |

Plaintiffs in this matter are United States citizens and Lawful Permanent Residents and their Iranian national relatives or fiancées applying for visas. (*See* Doc. No. 1 at ¶ 3.) Plaintiffs allege they have fulfilled all requirements to obtain family-based or fiancé-based visas. (*Id.* at ¶ 5.) Their visas were (at least initially) refused pursuant to Presidential Proclamation 9645, Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats ("PP 9645"), issued on September 24, 2017,

/////

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Secretary of State is automatically substituted in place of former Secretary of State Michael Pompeo. The Clerk of Court will be directed to reflect this change in the docket.

by then-President Donald Trump.  82 Fed. Reg. 45,161 (Sep. 24, 2017); (*see also* Doc. No. 1 at ¶ 1).[2]

On October 15, 2019, Plaintiffs filed a complaint alleging that defendants unlawfully withheld adjudications of case-by-case waivers of PP 9545.  Plaintiffs asserted claims under the Administrative Procedure Act ("APA"), as well as claims for mandamus relief, deprivation of procedural due process, and Equal Protection under the Fifth Amendment.  (*See generally* Doc. No. 1.)  All of the claims in the operative complaint appear to have been premised upon PP 9645 and/or defendants' implementation of PP 9645.

However, on January 20, 2021, President Joseph Biden revoked PP 9645 and directed the Department of State to resume visa processing in a manner consistent with revocation of PP 9645.  Proclamation No. 10141 ("PP 10141"), *Ending Discriminatory Bans on Entry to the United States*, 86 Fed. Reg. 7005 (Jan. 20, 2021).  This development presents a significant justiciability issue for plaintiffs.  As the Ninth Circuit recently summarized in a different case challenging implementation of PP 9645:

> Article III of the Constitution requires a case to present an actual controversy which is "extant at all stages of review, not merely at the time the complaint is filed." *Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018) (citation omitted).  "An appeal is moot if there exists no present controversy as to which effective relief can be granted." *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) (internal quotation marks and citation omitted).

*Kavoosian v. Blinken*, No. 20-55325, slip. op. 30 (9th Cir. Feb. 9, 2021).[3]  In light of the revocation of PP 9645, the present case appears to no longer present an active controversy about which this court could grant relief.

Plaintiffs argue in the recently filed joint status report that this case is not moot since those plaintiffs who still have not had their visas adjudicated are suffering ongoing injury because

---

[2]  PP 9645 prohibited the entry of all immigrants and certain categories of non-immigrants for nationals of Iran, Libya, North Korea, Syria, Venezuela, and Yemen, but provided a mechanism by which case-by-case waivers from the ban could be granted.  *See generally* PP 9645.

[3]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

their visa applications went into a "black hole" as a consequence of the previous administration's implementation of the now-rescinded PP 9645. (Doc. No. 93 at 3.) Plaintiffs assert that "PP 9645 might be gone, but Defendants' implementation of PP 9645 is not gone." (*Id.*) Plaintiffs also argue that even if this case is technically moot, the mootness exception for disputes capable of repetition yet evading review applies here. (*Id.*)[4] Plaintiffs' arguments—that defendants continue to implement PP 9645 and/or that visa processing similar to that which prevailed under PP 9645 is reasonably likely to continue—amount to an assertion that the Department of State *is presently violating PP 10141*, which facially prohibits either scenario proffered by plaintiffs. Specifically, PP 10141 requires the Secretary of State to "direct all Embassies and Consulates, consistent with applicable law and visa processing procedures, including any related to coronavirus disease 2019 (COVID-19), to *resume visa processing in a manner consistent with the revocation of the Executive Order and Proclamations specified in section 1 of this proclamation*." PP 10141 at § 2(a) (emphasis added). In addition, PP 10141 requires the Department of State, within 45 days of January 20, 2021, to report on and then come up with a plan for reconsidering any applications denied as a result of PP 9645. PP 10141 at § 2(b). However, the operative complaint here (which was filed before PP 10141 revoked PP 9645) does not allege any facts that address defendants' conduct since the issuance of PP 10141, let alone suggest that defendants are violating PP 10141. It is therefore difficult for the court to discern how it could possibly find that the operative complaint has not been rendered moot. In an abundance of caution, however, given that this issue has not been briefed outside the parties' joint status report, the court will provide plaintiffs an opportunity to do so by way of the order to show cause articulated below.

Plaintiffs alternatively seek leave to amend their complaint to, among other things, include allegations of unreasonable delays in defendants' processing of their visa application adjudications. (Doc. No. 93 at 3.) Defendants, generically and without providing any supporting

---

[4] Generally, the "capable-of-repetition" exception to mootness applies "only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (internal quotations omitted).

legal authority, oppose "any amendment of the Complaint at this stage, where the entirety of the original lawsuit related to PP 9645 is now moot." (*Id.* at 5.)  In light of Federal Rule of Civil Procedure 15's liberal amendment standard, the court will not rule out the possibility of amendment at this time.  However, absent a proposed amended complaint, the issue is not ripe for decision.  *See* E.D. Cal. L. R. 137(c) (requiring lodging of proposed amended pleading whenever leave of court is required for an amendment).  Therefore, as an alternative to, or alongside, any further briefing addressing whether the current complaint has been rendered moot, the court will entertain a formal motion to amend from plaintiffs.

       Finally, the court addresses the several pending motions in this case.  First, prior to the change of administration, the United States filed a motion to dismiss raising the fact that ten of the twelve plaintiffs in this case were either found eligible for waivers of PP 9546 and were issued visas or were refused visas on grounds other than PP 9546. (Doc. No. 67.)  The two visa refusals were justified pursuant to Presidential Proclamation 10014, *Presidential Proclamation Suspending Entry of Immigrants Who Present Risk to the U.S. Labor Market During the Economic Recovery Following the Covid-19 Outbreak* ("PP 10014"), 85 Fed. Reg. 23,441 (Apr. 22, 2020). (*Id.* at 8.)  Yet that proclamation has also now been revoked by President Biden.  *See* Presidential Proclamation 10149, *Revoking Proclamation 10014*, 86 Fed. Reg. 11,847 (Feb. 24, 2021).  For this reason, the premise underpinning at least part of defendants' motion to dismiss has also now been rendered moot.  Accordingly, that motion (Doc. No. 67) will be DENIED without prejudice to a finding of mootness based upon current circumstances.[5]

/////

---

[5] The court notes that the United States argued in its motion to dismiss that at least some of the claims asserted in the operative complaint were moot because certain plaintiffs had already been issued visas as of the date of the filing of the motion. (Doc. No. 67 at 8.)  In response, plaintiffs at least cursorily argued that the mootness exception for voluntary cessation of allegedly illegal conduct might apply. (Doc. No. 75 at 11.)  That argument, which was premised in large part upon the existence of PP9546, was not well developed.  However, the court will not step back in time to call for development of an argument premised on a now defunct Presidential Proclamation.  Rather, the court will deny the motion to dismiss as to these plaintiffs without prejudice and will require plaintiffs to address the status of those claims in the context of the current circumstances.

Plaintiffs also filed two motions prior to the change of administration: (1) a motion to strike or deem admitted various facts asserted in the operative complaint but denied by defendants in their answer; (Doc. No. 57); and (2) a motion to compel the full administrative record regarding implementation of PP 9645, presently being held in abeyance by the assigned magistrate judge (Doc. No. 77). Because the viability of the underlying complaint that would give rise to the obligation to answer and/or produce an administrative record is now in considerable doubt, the Clerk of Court is directed to administratively terminate these motions. Plaintiffs may re-notice these motions, as appropriate, if any relevant claims remain after resolution of the instant order to show cause and/or any motion to amend.

For the reasons set forth above:

(1) Plaintiffs are directed to show cause in writing within twenty-eight (28) days of the date of this order why the operative complaint should not be dismissed as moot. Any such response shall not exceed fifteen (15) pages in length and shall address any issues plaintiffs believe are relevant to the court's analysis, including, but not limited to whether plaintiffs intend to continue to pursue claims brought by any plaintiffs whose visas have been issued, and, if so, what legal authority supports the proposition that those claims are not now moot;

(2) Alternatively, or in conjunction with any show cause response, plaintiffs may elect to file a formal motion to amend the complaint, which shall also be due within twenty-eight (28) days of the date of this order;

(3) Defendants shall have twenty-one (21) days from the date of the above filings to file any responses thereto;

(4) The pending motion to dismiss (Doc. No. 67) is denied as moot; and

(5) The Clerk of Court is directed to substitute Secretary of State Antony Blinken in place of former Secretary of State Michael Pompeo.

IT IS SO ORDERED.

Dated: **March 30, 2021**

UNITED STATES DISTRICT JUDGE